Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS T. BASCOY,<br><br>    Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A., a United States corporation for itself and as successor in interest for COUNTRYWIDE BANK, FSB, formerly known as COUNTRYWIDE BANK, N.A.; COUNTRYWIDE HOME LOANS, INC., a New York corporation, doing business as AMERICA'S WHOLESALE LENDER;<br><br>    Defendants. | Case No. CV12-09370-GW (MANx)<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Protective Order ("Stipulation") filed on May 9, 2014, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraphs 3, 4, and 7 of the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as Confidential, or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as Confidential, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as Confidential, or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting

only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

**THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE GEORGE H. WU, UNITED STATES DISTRICT JUDGE, INCLUDING THOSE APPLICABLE TO FILINGS UNDER SEAL.**

## AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

**IT IS HEREBY STIPULATED AND AGREED** by and between the parties to this action as follows:

1. This Stipulation for Protective Order governs the handling of documents produced by the parties to this action, deposition testimony, and exhibits to depositions designated confidential by any party.

2. The parties hereto may designate as "Confidential," defined herein as information which has not been made public (information which has not been made public shall include any Confidential Information previously provided to any Party), the disclosure of which the Producing Party contends could do harm to the Producing Party, including, but not limited to, proprietary and/or private information

---

[1] The Court's substantive modifications of the agreed terms of the Protective Order are generally indicated in bold typeface.

concerning the business or personal operations, transactions or financial affairs of any Party. All discovery materials (i.e., documents, information revealed during a deposition, and information otherwise disclosed in discovery) designated under this **Protective** Order and all information derived therefrom shall be referred to in this Protective Order collectively as "Confidential Discovery Material" and shall be handled in strict accordance with the terms of this Protective Order. Notwithstanding , and as a supplement to, the rights afforded in this Protective Order, each party reserves the right to seek additional protection for confidential, proprietary, or otherwise trade secret material as the need arises, by motion or other appropriate means from the Court.

     3.    Documents and things in the above category shall be designated under this **Protective** Order by marking or stamping them "Confidential" **as** described below.  With respect to multi-page documents which contain Confidential Discovery Material, the designation may be made by marking only the first page thereof so long as such multi-page documents are securely bound.  Any party may, on the record of a deposition, or within seven business days after receipt of the transcript of such deposition, designate any portion of the deposition as "Confidential" under the terms of this Protective Order.  All deposition transcripts that contain material so designated shall be prominently marked on the cover and, if and when filed with the Court in connection with the matter *Louis T. Bascoy v. Bank of America, N.A., et al.*, Case No. CV12-09370-GW (MANx) (the "Action"), the portions of such **deposition** transcript so designated shall be **submitted with an application to file such material under seal in accordance with Local Rule 79-5 and this Protective Order**.

     4.    Confidential Discovery Material shall be used only for the prosecution and/or defense of this Action, or any appeal therefrom, and not for any business or other purpose whatsoever.  Confidential Discovery Materials that are designated as

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

"Confidential" shall not be revealed, disclosed, or otherwise made known to any persons other than the following:

    a.    Parties to this Action and their owners, officers, and employees who have a reasonable need for access to such materials for the prosecution or defense of this Action.

    b.    In house counsel and counsel for all parties that have appeared in this Action and regular employees of such counsel assisting in the conduct of this Action;

    c.    Experts or consultants retained in good faith to assist counsel;

    d.    **The** Court **and its** personnel involved in **the handling of** this Action and stenographic reporters who record testimony in this Action;

    e.    Current or former employees or agents of the party or person who produced the Confidential Discovery Matter; and

    f.    Non-party deponents who are current or former employees or agents of the party, person, or entity about whom the information or portion of the information in the Confidential Discovery Material relates; stenographic reporters engaged for depositions or proceedings necessary to this Action; and employees of outside copy services used to make copies of Confidential Discovery Materials.

5.    Confidential Discovery Material or its contents may be revealed, disclosed or otherwise made known to persons other than those described above in Paragraph 4 upon obtaining, prior to such disclosure, either the explicit written consent of the party who produced the confidential material, or an order permitting such disclosure.

6.    Prior to disclosure of Confidential Discovery Material to any person identified in Paragraph 4 (c) and (f), counsel shall inform each such person that the matter is confidential and may not be disclosed or used except as provided in this Protective Order. Furthermore, prior to disclosure of any Confidential Discovery

Material or information contained therein to persons identified in Paragraph 4(c), such persons shall first:

      a.    Read this Protective Order; and

      b.    Sign a copy of the Confidentiality Agreement attached hereto as Appendix A and thereby become subject to this Protective Order.

7.    In the event that counsel for any party determines to file with the Court any Confidential Discovery Material or any papers containing or making reference to such material or information, such documents, or the portions of them that contain Confidential Discovery Material, shall be filed only in a sealed envelope on which a statement substantially in the following form shall be endorsed:

CONFIDENTIAL

This envelope contains documents subject to a Protective Order and Order in this action governing the use of Confidential Discovery Material.

**Such Confidential Discovery Material or other papers containing or making reference to such Confidential Discovery Material shall be submitted to the Corut with an application to file such material under seal in accordance with Local Rule 79-5 and this Protective Order.**

8.    Notwithstanding the provisions of the Paragraphs above, a party may obtain the consent of the party or person who produced the Confidential Discovery Material to include such information in an unsealed filing with the Court to alleviate the burden placed on the Court and the parties by sealed filings.  Information identified as Confidential Discovery Material in accordance with this Protective Order may be disclosed in testimony at the pre-trial hearings of this action or offered in evidence at the trial in this Action, subject to such further order as the Court may enter for the purpose of protecting the confidentiality of the material in question.

9.    Inadvertent production of any information, document, or thing without it being marked "Confidential" shall not itself be deemed a waiver of any claim of

confidentiality as to such matter, and the same may thereafter be so designated and treated as Confidential Discovery Material from the date so designated.

10. Entering into, agreeing to, and/or receiving material or otherwise complying with the terms of this Protective Order shall not:

    a. Operate as an admission that any particular discovery material contains or reflects trade secrets, proprietary or sensitive commercial information, or other confidential matter;

    b. Prejudice in any way the rights of any party to apply to the Court for an order that information designated as "Confidential" need not be treated as "Confidential";

    c. Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or to modify this Protective Order;

    d. Prejudice in any way the rights of any party to apply to the Court for a further protective order relating to any confidential or proprietary information; or

    e. Prejudice in any way the rights of any party to seek a modification of this Protective Order.

11. This Protective Order has no effect upon, and its scope shall not extend to, any producing person's use of its own Confidential Discovery Materials.

12. After the termination of this Action, this Protective Order shall continue to be binding upon the parties hereto, and upon all persons to whom Confidential Discovery Material has been disclosed or communicated and the Court shall retain jurisdiction for enforcement of its provisions.

13. Upon conclusion of this litigation, all Confidential Discovery Material supplied by any party and all copies thereof (including, without limitation, copies provided to testifying or consulting experts) shall be returned to the producing party. As to those materials which contain Confidential Discovery Material, but which

constitute counsel's work product, counsel shall destroy such work product and all copies thereof and certify to the producing party that they have been destroyed. Nothing herein shall obligate any person or party to destroy any motion paper, brief, memorandum of law, transcript, or any Court proceeding or other pleading filed with the Court in this Action.

14. Any copy of Confidential Discovery Material which was possessed by any party prior to its production or disclosure by the opposing party, or which comes within the possession of any party, through means not constituting a breach of this Protective Order, need not be treated as Confidential Discovery Material under the terms of this Protective Order.

15. The parties agree that, should there be a need, they will attempt to agree upon an appropriate procedure for use at the arbitration of documents designated "Confidential" as set forth herein. Should the parties fail to reach agreement, any party may apply to the Arbitration Panel for an order setting forth such a procedure.

**IT IS SO ORDERED.**

DATED: June 12, 2014

*Margaret A. Nagle*

---
MARGARET A. NAGLE
U.S. MAGISTRATE JUDGE

PROTECTIVE ORDER